IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2007 AUG -7 PM 4: 43
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

MAUREEN L. SMITH (LONGHI), R.N.,
Plaintiff,

-vs-                                                                Case No. A-06-CA-381-SS

SETON HEALTHCARE NETWORK, et al.,
Defendants.

## ORDER

BE IT REMEMBERED on the 7th day of August 2007, the Court reviewed the file in the above-styled cause, and specifically Defendants' Motion for Summary Judgment [#86], Plaintiff's Responses thereto [#89, 91, 92], Defendants' Reply thereto [#99], Plaintiff's Cross Motion for Partial Summary Judgment [#90], Defendants' Response [#101], and Plaintiff's Reply [#106]. Having considered the motion, responses, and reply, the relevant law, and the case file as a whole, the Court now enters the following opinion and orders.

### Background

Plaintiff Maureen Smith, a former temporary nurse who was assigned to work at Seton Healthcare Network ("Seton"), and worked there for a little over seven weeks,[1] claims she was sexually harassed by Defendant Kevin Bailey, a nursing assistant and professional massage therapist, during the late shift on January 12–13, 2004. Plaintiff's allegations, which are discussed in more

---

[1] Defendant Seton had leased Plaintiff's services from a temporary nurse staffing company named Clinical One for a contract term that was to last for fourteen weeks, from November 24, 2003 through February 28, 2004.

detail below, include the following: Plaintiff witnessed Bailey massaging fellow co-workers while on duty and discussing with them his private massage business; Bailey attempted to grab and massage Plaintiff's neck and shoulders; Bailey came up behind Plaintiff once and touched her on the neck, shoulders, and back; Bailey made "flirtatious" unwanted comments about Smith's eyes, hair, and blushing; and Bailey showed her a rope with slip knots, which he called a party trick.

Through Plaintiff's live pleading, her Second Amended Complaint [#67], she asserts the following causes of action: hostile work environment sexual harassment under Title VII, constructive discharge, and a number of state law claims including invasion of privacy, assault, negligent infliction of emotional distress, defamation, negligent failure to train, negligent supervision, and negligent retention. Pl.'s Sec. Am. Compl. at 3.

## Analysis

### I.    Summary Judgment Standard

Summary judgment may be granted if the moving party shows there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In deciding summary judgment, the Court construes all facts and inferences in the light most favorable to the nonmoving party. *Richter v. Merchs. Fast Motor Lines, Inc.*, 83 F.3d 96, 98 (5th Cir. 1996). The standard for determining whether to grant summary judgment "is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the nonmoving party based upon the record evidence before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990).

Both parties bear burdens of production in the summary judgment process. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). First, the moving party has the initial burden of showing there is

no genuine issue of any material fact and judgment should be entered as a matter of law. FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322–23; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The nonmoving party must then come forward with competent evidentiary materials establishing a genuine fact issue for trial and may not rest upon the mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256–57; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). However, "[n]either 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the non-movant's burden." *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

## II.     Hostile Work Environment Claim

Plaintiff claims Kevin Bailey's actions created a hostile work environment that ultimately resulted in her constructive discharge in violation of Title VII. In order to state a prima facie claim for a hostile work environment under Title VII, a plaintiff must show: (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on sex; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002); *Shepherd v. Comptroller of Texas*, 168 F.3d 871, 873 (5th Cir. 1999).

Defendants assume *arguendo* that Plaintiff has fulfilled the first three elements of her prima facie case; however, Defendants move for summary judgment on the basis that Plaintiff has no sufficient evidence of the fourth and fifth elements of her prima facie case of hostile work environment. The Court agrees with Defendants that Plaintiff's hostile work environment claim fails as a matter of law.

First and foremost, there is absolutely no evidence that Seton knew or should have known of Bailey's alleged harassment nor that they failed to take prompt remedial action. The only evidence Plaintiff attempts to offer is a conclusory statement that Bailey had a previous "pattern of sexual harassment" because "he did it everywhere" he worked within Seton's network. Pl.'s Sec. Am. Compl. at 6. Plaintiff admitted during her deposition that she heard this, not from anyone at Seton, but from Lori Haverty, a recruiter at Clinical One, where Plaintiff worked. Def.'s Mot. Summ. J., Ex. A at 21:22–22:23; 195:10–196:9. Thus, all Plaintiff has is self-serving hearsay evidence, from someone external to Seton. Seton has brought forth the Affidavit of Susan Hector, the Seton Human Resources representative who investigated Plaintiff's claims. *Id.* at Ex. B. Hector testifies that Seton had never received any reports of sexual harassment by Bailey before Plaintiff's allegations. *Id.* Accordingly, Plaintiff has brought forth no admissible evidence that Seton knew or should have known of a pattern of sexual harassment by Bailey.

There is also undisputed evidence that Seton took prompt remedial action in response to Plaintiff's claims by obtaining Plaintiff's statement and beginning an investigation within hours of receiving Plaintiff's complaint. *Id.*, Ex. A-3. Plaintiff thanked Seton for their responsiveness and attention to her complaint. *Id.*, Ex. 2, 11. Seton also assured Plaintiff that it would take measures to keep Plaintiff and Bailey from ever working together again and to remedy the situation. *Id.*, Ex. B at 1; Ex. A at 161:6–8. Seton also told her Bailey had been suspended and offered to place Plaintiff in another Seton facility in Austin if she preferred and to give her an escort to and from her car if she felt it necessary. *Id.*, Ex. A at 158:6–18; 224:21–225:20.

Plaintiff has offered no competent summary judgment evidence to demonstrate the fifth element of her prima facie case; therefore, Defendants' are entitled to summary judgment on Plaintiff's hostile work environment claim.

Alternatively, Plaintiff has not met the fourth element of her prima facie case, because Plaintiff's allegations of harassment are not "sufficiently severe or pervasive" to alter the conditions of Plaintiff's employment and create an abusive working environment. *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 67 (1986). "For harassment to affect a 'term, condition, or privilege of employment' it must be 'sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive working environment.'" *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 353 (5th Cir. 2001). In determining whether a working environment is abusive or hostile, the Court looks to the following factors: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating as opposed to a mere offensive utterance; and (4) whether it unreasonably interferes with the plaintiff's work performance. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). The plaintiff must be able to demonstrate that the working environment is both objectively and subjectively hostile or abusive. That is, the environment must be such that: (1) "a reasonable person would find [it] hostile or abusive;" and (2) the plaintiff herself actually perceived it as such. *Id.* at 21.

Here, Plaintiff alleges Defendant Bailey made comments regarding her smile, her hair, her blushing, attempted to massage her shoulders and ran his hands down her back, gave neck massages to other nurses and discussed his massage therapy business, made comments involving sexual innuendo to other nurses, showed her a piece of traction rope tied in slip knots that could be used as a "party favor," and seemed generally "flirty" and acted overly familiar, all during one overnight

shift. *See* Def.'s Mot. Summ. J., Ex. A; Pl.'s Sec. Am. Compl. Plaintiff had never worked with Bailey before the shift at issue and has never seen him since. Plaintiff concedes that the results of Seton's investigation showed that no one else found Bailey's conduct to be offensive that night, including Sister Amalia Mata, the charge nurse. Def.'s Mot. Summ. J., Ex. A at 144:15–145:7.

These allegations are insufficient to demonstrate a work atmosphere that rises to the level of a hostile work environment. The Supreme Court has made clear that conduct must be "extreme" to amount to an actionable change in the terms and conditions of employment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). "Simple teasing, offhand comments, and isolated incidents (unless extremely serious)" will not amount to such a change. *Id.* (internal quotation marks and citations omitted). The standards the Court has developed for determining whether an environment is hostile or abusive are meant to "filter out complaints attacking 'the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing.'" *Id.*

Some of the conduct about which Plaintiff complains was probably offensive and/or inappropriate. The relevant question, however, is whether the conduct was sufficiently extreme to come within the coverage of Title VII's prohibitions. The Fifth Circuit's most recent forays into the "hostile work environment" doctrine suggest that the facts before the Court will not support such a conclusion.

In *Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317 (5th Cir. 2004), the Fifth Circuit held the following facts were insufficient to support a sex-based hostile work environment claim:

> First, Rogers commented on the body of a former Westward employee, Sheila Ledesma. Specifically, Hockman claims that '[Rogers] would tell her that Sheila Ledesma had a nice behind and body.' Next, Hockman claims that beginning in July

>of 2001, Rogers would brush up against her breasts and behind. Third, Hockman claims that on one occasion, Rogers 'slapped [her] behind with a newspaper.' Fourth, Rogers once attempted to kiss Hockman. Fifth, on more than once occasion, Rogers asked Hockman to come in early so that they could be alone together. Finally, Rogers once stood in the doorway of the ladies' restroom as Hockman was washing her hands. Rogers stepped aside, however, when Hockman exited the restroom.

*Id.* at 321–22. On the basis of these facts, as well as an in-depth comparison to the facts of its prior precedents, the court concluded that "[a]s a matter of law, the conduct described by Hockman was not so severe and pervasive to affect the terms, conditions, or privileges of her employment." *Id.* at 329. Additionally, behavior such as attempted kisses, touching of the breasts and buttocks, the alleged harasser grabbing his crotch, and vulgar sexual propositions are insufficient to support actionable harassment. *See, e.g., Shepherd*, 168 F.3d at 874–75 (finding that several inappropriate comments including reference to Plaintiff's nipples, and touchings over a two-year period were not objectively severe or pervasive enough to constitute actionable sexual harassment); *Jones v. Seago Manor Nursing Home*, No. Civ. A. 3:01-CV-2406AH, 2002 WL 31051027 (N.D. Tex. Sept. 11, 2002) (stating that allegation of a supervisor: (1) telling plaintiff, "You know, if I stick [my penis] in you, you'll say computer right" and "Ooh, girl, I could stick this long [expletive deleted] in you and you [sic] go tell your husband that you'll leave him for a white man", (2) touching the plaintiff's buttocks and remarking that "It must be jelly because jam [does not] shake like that," and (3) grabbing his crotch while looking at her, were not the types of extreme conduct necessary to establish the existence of an actionable sexual harassment claim). Accordingly, the Court alternatively grants summary judgment in favor of Defendants with regard to Plaintiff's hostile work environment sexual harassment claims because Plaintiff has not alleged conduct so "extreme" as to constitute a "severe or pervasive" hostile work environment as a matter of law.

III.  **Constructive Discharge**

Plaintiff claims the sexual harassment alleged above forced her to resign from her contract with Seton. A cause of action for constructive discharge generally lies where an employer deliberately has made an employee's working conditions so intolerable that the employee is forced into an involuntary resignation; the employer is liable for any illegal conduct that forced an employee into resignation to the same extent as if the employer had formally discharged the employee. *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 342 (5th Cir. 2005). Whether an employee would feel forced to resign is case and fact specific, but reviewing courts consider the following relevant factors: "(1) [D]emotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger [or less experienced/qualified] supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement [or continued employment on terms less favorable than the employee's former status]." *Haley v. Alliance Compressor LLC*, 391 F.3d 644, 649–50 (5th Cir.2004) (citing *Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2001)) (alterations original).

The test Plaintiff must meet is an objective, "reasonable employee" test: whether a reasonable person in her shoes would have felt compelled to resign. *Barrow v. New Orleans S.S. Ass'n*, 10 F.3d 292, 297 n.19 (5th Cir.1994). "Constructive discharge requires a greater degree of harassment than that required by a hostile environment claim." *Brown*, 237 F.3d at 566. Aggravating factors used to support constructive discharge include hostile working conditions or the employer's invidious intent to create or perpetuate the intolerable conditions compelling the resignation. *Jurgens v.*

*E.E.O.C.*, 903 F.2d 386, 393 n.10 (5th Cir. 1990). "The resigning employee bears the burden to prove constructive discharge." *Haley*, 391 F.3d at 650.

Considering the summary judgment evidence here in the light most favorable to Plaintiff, a reasonable employee in her position would not have felt compelled to resign. Plaintiff has not alleged any "aggravating factors" that establish the "greater degree" of harassment required to support a claim of constructive discharge. Plaintiff also concedes that no one at Seton encouraged her to quit. Def.'s Mot. Summ. J., Ex. A at 211:11–13. Finally, the remedial measures taken by Seton defeat Plaintiff's constructive discharge claim because she did not give Seton a fair opportunity to remedy the situation before resigning. *See Dornhecker v. Malibu Grand Prix Corp.*, 828 F.2d 307, 308–10 (5th Cir. 1987) (noting that "part of an employee's obligation to be *reasonable* is an obligation not to assume the worst, and not to jump to conclusions too fast."). Upon learning of Plaintiff's complaint in this case, Seton began an investigation within hours. Seton promptly assured Plaintiff she would never have to work with Bailey again; they offered to place her at another Seton facility in Austin if she preferred; and they offered her an escort to her car if she felt it necessary. However, Plaintiff resigned two days after the incident in an email dated January 15, 2004. Def.'s Mot. Summ. J., Ex. A-11. Several days later, Seton reiterated its offer to place Plaintiff at another facility if she was interested, but Plaintiff did not respond to Seton regarding this offer. *Id.*, Ex. A at 191:20–192:11, 207:14–20; Ex. A-12. Under all the circumstances, Plaintiff did not give Seton a fair opportunity to demonstrate that it could prevent Bailey from further harassing Plaintiff. For all of the reasons stated above, Plaintiff's constructive discharge claim fails as a matter of law.

**IV.     State Tort Claims**

Plaintiff has also alleged several tort causes of action including: invasion of privacy, assault, negligent infliction of emotional distress,[2] defamation, negligent failure to train, negligent supervision, and negligent retention. Pl.'s Sec. Am. Compl. at 3. Defendant moves for summary judgment on each of these claims as barred by the statute of limitations. All of these claims have a two-year statute of limitations under Texas law. TEX. CIV. PRAC. & REM. CODE § 16.003. The claims at issue stem from an event that occurred on January 12–13, 2004; therefore, Plaintiff's Original Complaint received by the Court on May 22, 2006 and filed on July 10, 2006, was not timely filed within the two-year statute of limitations and these claims are time-barred.

## Conclusion

In accordance with the foregoing:

IT IS ORDERED that Defendants' Motion for Summary Judgment [#86] is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's Cross Motion for Partial Summary Judgment [#90] is DENIED;

IT IS FURTHER ORDERED that Plaintiff's Motion to Continue [#109] is DENIED; and

---

[2] The Texas Supreme Court has expressly rejected the tort of negligent infliction of emotional distress. *Boyles v. Kerr*, 855 S.W.2d 593, 595–00 (Tex. 1993).

IT IS FINALLY ORDERED that all remaining pending motions [#100, 103] are DISMISSED AS MOOT.

SIGNED this the 7th day of August 2007.

                                                  SAM SPARKS  
                                                  UNITED STATES DISTRICT JUDGE